**JING CHUN WU, Plaintiff–Appellant,**

v.

**Justice Alan LeVINE, in his official capacity, Arnold N. Price, in his official capacity, Defendants–Appellees.**

No. 05–4213–cv.

United States Court of Appeals, Second Circuit.

March 11, 2009.

Jing Chun Wu, pro se, for Appellant.

Patrick J. Walsh, Assistant Solicitor General, Office of Attorney General, State of New York, for Appellees.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Jing Chun Wu, *pro se*, appeals from the judgment of the United States District Court for the Eastern District of New York (Gershon, J.), dismissing Wu's complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts and procedural history.

We affirm for substantially the reasons stated by the district court. Wu seeks injunctive relief to stay the foreclosure order on her property, in effect requesting that the district court overturn the state court's judgment of foreclosure. Contrary to Wu's arguments, her claims were barred under the doctrine outlined in *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–84 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The district court was without subject matter jurisdiction over Appellant's complaint, because it sought review of the state court's judgment in district court. *See McKithen v. Brown,* 481 F.3d 89, 97 (2d Cir.2007). To the extent that Wu sought damages, all of the claims against Appellees pertained to the decisions they made in their judicial capacities, for which Appellees were absolutely immune. *Nixon v. Fitzgerald,* 457 U.S. 731, 766, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982).

For the reasons stated above, the judgment of the district court is AFFIRMED.